APPELLATE DIVISION

MAGGIE FARIA TAIMANAO and                )        DCA NO. 85-9001
NORMA FARINAS,                            )        CTC NO. 84-268
                                          )
            Plaintiff/Appellees,          )
                                          )
                vs.                       )        OPINION
                                          )
KIM AN YOUNG,                             )
                                          )
            Defendant/Appellant.          )
_____ )

            Attorney for Appellant:        Ramon G. Villagomez
                                           P. O. Box 548
                                           Saipan, CM  96950

            Attorney for Appellees:        Reynaldo O. Yana
                                           P. O. Box 52
                                           Saipan, CM  96950

BEFORE:  LAURETA, DUENAS and WATERS*, District Judges

LAURETA, District Judge:

### Facts

        The facts as found by the trial court are not chal-
lenged on appeal.  On September 15, 1983, the plaintiffs-appel-
lees, Maggie F. Taimanao and Norma Farinas, commenced working for
the defendant Kim Kwang Young on twelve-month employment con-
tracts.  On November 14, 1983, Kim Kwang Young ordered both

_____
*The Honorable Laughlin E. Waters, United States District Court,
 Central District of California, sitting by designation.

286

plaintiffs to work for his brother, the defendant-appellant Kim An Young, at Poppy's Night Club. After being threatened by Kim Kwang Young with legal action for breach of contract if they did not make the transfer, Taimanao and Farinas began working at Poppy's. The appellees worked at Poppy's from November 14, 1983 until February 2, 1984 during which time they were required to remain in their barracks or on the night club premises and were forbidden to leave without the permission of Kim An Young. During the entire time of employment at Poppy's, Kim An Young paid only $180.00 to each of the appellees.

The appellees brought this action in the Commonwealth Trial Court for breach of contract. The trial court, the Honorable Robert A. Hefner presiding, found for the appellees and entered judgment in the amount of $842.40 for Taimanao and in the amount of $736.40 for Farinas plus liquidated damages in an equal amount pursuant to 4 C.M.C. § 9243. Kim An Young timely filed this appeal. Kim Kwang Young has not taken an appeal.

## Issue

The appellant raises one issue on this appeal:

Whether the trial court erred as a matter of law in enforcing an illegal contract.

## Analysis

3 C.M.C. § 4437(e) provides:

No employer or non-resident worker shall execute any contract, make any other agreement, or change any existing contract, in

AO 72
(Rev.8/82)

writing or otherwise, regarding the employment of such worker, without the approval of the Chief [of Labor], and no non-resident worker shall perform labor or services within the Commonwealth except pursuant to an approved contract or an approved change to this contract.

3 C.M.C. § 4437(f) provides:

No non-resident worker shall perform services or labor within the Commonwealth for any employer other than the employer for whom the Chief has approved the contract with such worker... .

It is undisputed that the appellees transferred to Poppy's without the approval of the Chief of Labor. The appellant contends that the appellees' contracts to work at Poppy's are accordingly illegal and unenforceable.

Appellant is correct in his assertion that as a general matter illegal contracts are invalid. _Pacific Telephone and Telegraph Co. v. MCI Telecommunications Corp._, 649 F.2d 1315, 1319 (9th Cir. 1981). However, "the illegality of a contract does not automatically render it unenforceable." _California Pacific Bank v. Small Business Administration_, 557 F.2d 218, 223-224 (9th Cir. 1977); see also _Office and Professional Employees International Union, Local 2 v. Washington Metropolitan Area Transit Authority_, 552 F.Supp. 622, 632 (D.D.C. 1982)("Some illegal contracts, upon a balancing of the interests involved, may be enforceable"), aff'd mem., 713 F.2d 865, 724 F.2d 133 (D.C. Cir. 1983). Where a contract is invalid due to illegality, a performing party may recover in quasi-contract for unjust enrichment under certain circumstances. J. Calamari and J.

288

Perillo, Contracts, pp. 20, 792-799 (2d Ed. 1970). It is the law in the Commonwealth[1]/ that where the performing party is not *in pari delicto*, or not equally in the wrong with the other party, the performing party is entitled to restitution. Restatement (Second) of Contracts § 198 (1979), comment b. A party is regarded as being less in the wrong where he or she has been the victim of oppression practiced on him or her by the other party. Id.

Here, the trial court found that the appellees were forced under threat to transfer to Poppy's. Clearly, the appellees had no say in the matter and cannot reasonably be viewed as being of equal responsibility for the performance of an illegal contract. Moreover, the oppression suffered by the appellees in this matter is manifest. Pursuant to § 178 of the Restatement, the appellees may properly recover in quasi-contract for unjust enrichment. The judgment of the trial court is affirmed.

///
///
///
///
///
///
///

_____

[1]/ The rules of common law as expressed in the Restatement of the Law are the rules of decision in the courts of the Commonwealth. 7 C.M.C. § 3401.